**Clinton BUSH, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 84–1929.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 8, 1985.

Decided June 20, 1985.

Rehearing and Rehearing En Banc
Denied Aug. 21, 1985.

Ellen K. Berz, Eau Claire County Dist. Atty., Eau Claire, Wis., for petitioner-appellant.

John F. Hoehner, Asst. U.S. Atty., Hammond, Ind., for respondent-appellee.

Before WOOD, ESCHBACH and POSNER, Circuit Judges.

POSNER, Circuit Judge.

Clinton Bush appeals from the district court's denial of his motion under 28 U.S.C. § 2255 to set aside his conviction and sentence on the ground that he was denied effective assistance of counsel, in violation of the Sixth Amendment. Bush was a member of the "Family," a drug ring headed by Garland Jeffers and active in Gary, Indiana in the early 1970s. Bush and Jeffers, with six other members of the "Family," were tried together on federal drug charges, and all but one convicted, in a two-week trial in 1974. Bush was sentenced to 15 years in prison and fined $2,500. All eight defendants were represented by a lawyer, Max Cohen, who had been retained by Jeffers. Their convictions were upheld by this court in *United States v. Jeffers*, 520 F.2d 1256 (7th Cir.1975). This is Bush's third 2255 motion, but the first to challenge Cohen's representation of him on the basis that Cohen had been retained by Jeffers and had a conflict of interest in also representing Bush.

■ Both the direct appeal (handled by Cohen) and the previous section 2255 motions challenged the details of Cohen's performance at trial, but did not question his representation of all the defendants. If Bush could reasonably have been expected to make this particular challenge in his direct appeal, his failure to do so would have precluded him from raising it in subsequent 2255 proceedings. *Norris v. United States*, 687 F.2d 899 (7th Cir.1982). But, if only because Cohen represented him in that appeal, Bush cannot be held to have had a fair opportunity to present to the court of appeals all questions relating to Cohen's representation of him, even though Cohen did accuse himself of ineffective assistance in one (minor) particular. Cf. *United States ex rel. Devine v. DeRobertis*, 754 F.2d 764, 767–68 (7th Cir.1985). So Bush was not barred from filing the first section 2255 motion. And although successive section 2255 motions can be dismissed for the reasons set out in Rule 9 of the Rules Governing Proceedings in the United States District Courts Under Section 2255, those reasons are not applicable here, because the ground of Bush's present motion is different (a different kind of Sixth Amendment claim) from those of previous motions and the government has shown no prejudice from Bush's delay in presenting this ground. So we shall take up the merits.

■ Although the representation of several criminal defendants at the same trial by the same counsel creates a potential for a serious conflict of interest, a defendant

who like Bush does not object to being jointly represented cannot use that potential to get his conviction set aside; he must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); *United States ex rel. Cole v. Lane,* 752 F.2d 1210, 1217 (7th Cir.1985). The added wrinkle here is that only one of the defendants (Jeffers) paid for the lawyer, which gave the lawyer a financial incentive to favor that defendant over the others. But we do not think (and do not understand Bush to be arguing) that this added source of potential conflict of interest automatically invalidates the convictions of the other defendants. Bush still must show that "an actual conflict of interest adversely affected his lawyer's performance."

■ Max Cohen is one of the most highly regarded criminal lawyers in Indiana; he had represented Bush in another criminal trial which concluded shortly before the one at issue in this case began; Bush could neither have retained Cohen himself (because Cohen had been hired by Jeffers) nor in all likelihood have afforded to pay his fees if he could have retained him; the substitute lawyer that he would have gotten in Cohen's stead would probably not have been as capable, though he would have been more single-minded in his representation of Bush; Bush was not a minor accomplice likely to be acquitted if represented separately; and most important, having the defense speak with a single voice reduced the ability of the prosecution to play the different defendants off against each other. See *United States ex rel. Cole v. Lane, supra,* 752 F.2d at 1220. Against this background it is quite understandable why Bush preferred to be represented by Cohen rather than to retain his own lawyer at his own expense or, if he was indigent, to use the services of a court-appointed lawyer or a public defender; and why it would be unreasonable for us to order a new trial without asking whether there is actual evidence of an adverse impact on Bush's defense from the representation arrangement.

Much of Bush's evidence of such impact concerns Cohen's failure to consult him before the trial on matters of trial strategy and to plea bargain on his behalf. These omissions do not demonstrate adverse impact. There is no indication that Bush if consulted on trial strategy would have made productive suggestions. And if Cohen had plea bargained on Bush's behalf, this could not have helped Bush at trial. It might have led to a lighter sentence for Bush, but this is speculative; and anyway he is not challenging the length of his sentence; he is challenging the conviction. If efforts to plea bargain on Bush's behalf had been made and had succeeded, Bush might be basing his section 2255 motion on Cohen's failure to advise him to go to trial.

■ Regarding the impact of joint representation at trial, Bush grasps at straws. He complains because Cohen refused to suborn Jeffers' attempt to give false testimony exculpating the other members of his "Family." But a defendant has no right, constitutional or otherwise, to unethical representation. (As this example shows, Cohen is an ethical practitioner who in all likelihood would have declined to represent Bush if he had thought there was any conflict of interest between Bush and the other defendants.) Bush complains because Cohen did not cross-examine some witnesses "as to their testimony, *or lack of testimony,* about Mr. Bush." But for defense counsel to ask a prosecution witness why he has not mentioned his client is a formula for committing, not avoiding, ineffective assistance of counsel. Although Cohen did not mention Bush by name in his closing argument, or plead for leniency at his sentencing (while asking leniency for some other of the convicted defendants), we are not told what Cohen could have said about Bush in his closing argument, or on what basis he could have pleaded for leniency. Although Bush was not the ringleader of the "Family," he was a principal conspirator with Jeffers. True, if he had been represented by a separate lawyer, the

lawyer would in all likelihood have made some closing argument, and might also have pleaded for leniency before the judge imposed sentence. But given the strength of the prosecution's case against Bush, it is conjectural in the extreme to suppose that these additional efforts would have helped, and more important that they would have outweighed the disadvantage created by a situation where different defendants offer different, and perhaps conflicting, defenses (yet not so conflicting as to require a severance). Cohen's strategy in closing argument was to attack the government's witnesses as unreliable. Individual defendants were mentioned only illustratively. We cannot say that this strategy disserved Bush. Bush has failed to show a net adverse impact on defense, caused by joint representation in this case.

And there is another element of the *Cuyler* test: the conflict of interest must be "actual," implying some inconsistency in the positions of the jointly represented defendants. See *United States ex rel. Cole v. Lane, supra,* 752 F.2d at 1220. That is missing too. At most Bush was less guilty than Jeffers, the ringleader; that however was evident to the jury even though both were represented by the same lawyer.

■ Although we affirm the judgment dismissing Bush's section 2255 motion, for the future we suggest that to minimize Sixth Amendment problems in multiple-representation cases the judge not rely on defense counsel to obtain an informed consent from each of his clients. As in such cases as *United States v. Noble,* 754 F.2d 1324, 1333–35 (7th Cir.1985), the judge should question each defendant, explaining the possible conflict of interest, in order to be sure that if a defendant decides to adhere to the arrangement he does so with his eyes open. We have no reason to doubt, however, that Cohen was Bush's first choice, that it was an informed choice and an intelligent choice in the circumstances, that Cohen did his best for Bush, and that Bush was at least as well represented

as if he had retained (or had had appointed for him) a different lawyer.

AFFIRMED.