940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephen E. LEE, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 90-2513.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1991.*
Decided Aug. 2, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Stephen Lee pleaded guilty to fraudulent use of four credit cards in violation of 18 U.S.C. Sec. 1029(a)(2). In addition to sentencing Lee to 36 months in prison followed by supervised release for three years, the district court ordered Lee to pay restitution of $8178.90 during the period of his supervised release at the rate of $200 per month. Lee challenged his conviction and sentence pursuant to 28 U.S.C. Sec. 2255, alleging ineffective assistance of trial counsel.
 
 A. Voluntary Dismissal of Direct Appeal
 
 2
 The district court sentenced Lee on September 1, 1989. Lee's trial counsel filed a timely notice of appeal, was appointed to represent Lee on appeal, and moved to dismiss the appeal on September 20. Also on that day, Lee filed a pro se motion to withdraw his appeal stating that he intended to file a motion under 28 U.S.C. Sec. 2255 rather than pursue a direct appeal. Subsequent pro se motions filed in this court by Lee indicate that he voluntarily withdrew his appeal because he intended to challenge trial counsel's representation; and his counsel for the direct appeal was his trial counsel. On October 4, 1989, this court ordered that Lee's appeal be dismissed with prejudice. Lee then filed a section 2255 motion alleging ineffective assistance of trial counsel, which the district court denied on the merits.
 
 
 3
 The government argues that Lee is procedurally barred from raising his claims on post-conviction review because he failed to establish good cause for his failure to bring them on direct appeal. See United States v. Gramley, 915 F.2d 1128, 1136 (7th Cir.1990) (cause and prejudice standard is applicable to complete failures to appeal a conviction). This case involves the voluntary dismissal of an appeal, not a procedural default. See Johnson v. United States, 838 F.2d 201, 203 (7th Cir.1988). In any event, Lee's dismissal of his direct appeal does not bar him from claiming trial counsel's ineffectiveness for the first time on post-conviction. Here, Lee's trial and appellate counsel were the same. A defendant is not barred from raising ineffective assistance of counsel for the first time on post-conviction review "if his counsel for the direct appeal was his trial counsel, who can hardly be expected to challenge on appeal his own ineffectiveness at trial." United States v. Taglia, 922 F.2d 413, 417-418 (7th Cir.1991); see also Bush v. United States, 765 F.2d 683, 684 (7th Cir.1985). Accordingly, we turn to the merits of Lee's section 2255 petition.
 
 B. Ineffective Assistance of Counsel
 
 4
 Lee argues that he was denied effective assistance of counsel in five respects. He contends that counsel failed to 1) challenge the district court's denial of bail; 2) investigate and move to suppress both the government's photographs of Lee and his girlfriend's statements on the ground that they were taken in violation of Miranda; 3) challenge his criminal history score; 4) challenge the district court's failure to make findings on the record concerning Lee's ability to pay when ordering restitution; and 5) present evidence at the sentencing hearing that during the period of his criminal activity he had a legitimate income of $400 a month. Lee's fifth claim is addressed in a published opinion issued in conjunction with this order.
 
 
 5
 To prove ineffective assistance of counsel, Lee must show that: "(1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that but for the counsel's unprofessional errors the outcome of the proceeding would have been different." Moffett v. Kolb, 930 F.2d 1156, 1160 (7th Cir.1991) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).
 
 1. General Claims
 
 6
 Lee's first three grounds warrant only brief discussion. His claim regarding counsel's performance at his detention and subsequent bail review hearing became moot once he was convicted. Cf. Flanagan v. United States, 465 U.S. 259 (1984) ("order denying a motion to reduce bail ... becomes moot if review awaits conviction and sentence"); Murphy v. Hunt, 455 U.S. 478, 482 (1982) (denial of pre-trial bail is rendered moot by subsequent conviction).
 
 
 7
 Lee's bald assertion that counsel failed to investigate his "only defense" cannot satisfy the Strickland test. A petitioner alleging ineffective assistance of counsel on the ground of an alleged failure to investigate bears the burden of providing the court with a precise account of what the investigation would have revealed. United States v. Gramley, 915 F.2d at 1133. Lee does not tell this court the nature of his "only defense." His contention that counsel abandoned a possible defense when he failed to move for suppression of statements made by his girlfriend, Connie Warren, and photographs of Lee is not sufficient. Lee does not present Ms. Warren's statements or explain to this court how they were used against him. Nor does Lee illustrate how suppressing the statements and photographs would have affected his decision to plead guilty. Moreover, Lee has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness in not moving for suppression of the statements and photographs. Lee has no standing to challenge the alleged violations of Ms. Warren's Miranda rights. United States v. Schennault, 429 F.2d 852, 855 (7th Cir.1970). Also, Miranda warnings are not required before a defendant is compelled to submit to photographing. Pennsylvania v. Muniz, 110 S.Ct. 2638, 2644-45 (1990). Thus, motions to suppress Lee's photographs and Ms. Warren's statements would have failed. Counsel's conduct in failing to move for suppression does not fall below the sixth amendment standard of attorney competence. United States v. Madewell, 917 F.2d 301, 304-05 (7th Cir.1990).
 
 
 8
 Lee's argument that counsel performed ineffectively at sentencing because he failed to challenge Lee's criminal history score suffers from the same deficiencies as his previous claims. Lee contends that had counsel investigated his prior convictions the district court might not have departed upward pursuant to U.S.S.G. Sec. 4A1.5 (upward departure appropriate when defendant's criminal history score does not adequately reflect seriousness of his criminal history).[1] However, Lee makes no "comprehensive showing as to what the investigation would have produced." Gramley, 915 F.2d at 1133 (citation omitted). Lee does not identify for this court any prior unconstitutional convictions that were counted in computing his criminal history score. "The mere assertion of unspecified evidence obviously proves nothing." United States v. Hubbard, 929 F.2d 307, 310 (7th Cir.1991). Thus, we reject Lee's claim that counsel performed ineffectively in failing to challenge his criminal history score.
 
 2. Restitution
 
 9
 Lee argues that his counsel performed ineffectively because he did not challenge the district court's failure to make findings on the record concerning Lee's ability to pay in ordering restitution. The record reveals that the only remarks Lee's counsel made concerning the amount of restitution is that Lee should not be made to pay restitution for an item that he never received. Additionally, the sentencing transcript indicates that the district court did not make any factual findings on the record concerning Lee's ability to pay when he ordered $8178,90, the value of the fraudulently obtained merchandise, in restitution.
 
 
 10
 Assuming counsel's conduct amounted to cause, see United States v. Arvanitis, 902 F.2d 489, 495 n. 1 (7th Cir.1990) (it was defendant's duty to challenge the district court's failure to put its findings concerning defendant's ability to pay in the record), Lee must still establish prejudice. The Victim Witness and Protection Act ("VWPA") requires the district court to make factual findings in the record concerning its mandatory factors, such as the defendant's ability to pay, only when the court refuses to order full restitution. Arvanitis, 902 F.2d at 496, citing VWPA, 18 U.S.C. Sec. 3663(a)(2). In this case, the district court ordered Lee to pay full restitution, thus it was not required to make specific factual findings in the record regarding Lee's ability to pay.
 
 
 11
 Even though the district court need not explicitly set forth its findings in the record, it must consider the VWPA's mandatory factors, such as the defendant's ability to pay, in ordering restitution. Id. Thus, the record must show that the court had before it information concerning Lee's financial resources and obligations when it ordered restitution. Lee's presentence report contained information concerning Lee's net worth, total income, total expenses, financial dependents, work history, and employment skills. This is sufficient information from which to consider Lee's ability to pay restitution. Id. Lee does not challenge the accuracy of the information contained in the presentence report. The record does not reveal that the district court abused its discretion in imposing full restitution. Compare United States v. Mahoney, 859 F.2d 47, 52 (7th Cir.1990) (defendant must have "at least a hope" of paying ordered restitution). Thus, Lee has failed to demonstrate ineffective assistance of counsel.
 
 Conclusion
 
 12
 Accordingly, the district court's judgment is affirmed with respect to the four issues addressed in this order. Lee's claim regarding counsel's failure to present evidence at sentencing that he earned a legitimate income of $400 is vacated and remanded, as explained in our opinion.
 
 
 13
 AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Initially, appellant filed such a statement. Subsequently, he filed a motion to submit the case on the briefs without oral argument. This court ordered that the appeal be submitted on the briefs and record without oral argument. Then, appellant filed a motion to waive oral argument or in the alternative to schedule oral argument, which this court denied. The appeal is submitted on the briefs and record
 
 
 [1]
 To the extent Lee argues that an upward departure pursuant to U.S.S.G. Sec. 4A1.5 in conjunction with an enhancement under U.S.S.G. Sec. 4B1.3 constitutes improper double counting, this argument is waived by Lee's dismissal of his appeal. Johnson, 838 F.2d at 203