**James GRIFFIN, Jr., Petitioner,**

v.

**Jeffrey P. ENDICOTT, Respondent.**

No. 96–C–676.

United States District Court,
E.D. Wisconsin.

Sept. 13, 1996.

James Griffin, Jr., Portage, WI, pro se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On June 7, 1996, Mr. Griffin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By decision and order of June 10, 1996, I denied Mr. Griffin's request to proceed in forma pauperis.

On July 2, 1996, I dismissed petitioner's writ for habeas corpus because his petition was filed more than one year after the most recent state court action related to his challenged conviction. Congress recently amended 28 U.S.C. § 2244 to impose this one year period of limitation. Antiterrorism and

Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I, sec. 101 (to be codified at 28 U.S.C. § 2244(d)(1)) ["the Act"]. By decision and order of July 25, 1996, I denied Mr. Griffin's motion to reconsider the denial of his habeas corpus petition, holding that the period of limitation set forth in the Act, as applied to Mr. Griffin, did not violate the Ex Post Facto Clause of the United States Constitution. Mr. Griffin filed a notice of appeal from that decision on August 22, 1996.

In passing the Act, Congress also amended 28 U.S.C. § 2253(c) to require a district court judge to determine whether to issue a certificate of appealability before the petitioner may appeal a final order in a habeas corpus action brought under 28 U.S.C. § 2254. Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I, sec. 102 (1996) (to be codified as 28 U.S.C. § 2253(c)(1)(A)). Mr. Griffin has not filed a specific request for a certificate of appealability. Nevertheless, in such situations, I am obligated to treat Mr. Griffin's "notice of appeal as implying a request for a certificate of appealability." Circuit Rule 22.1(b).

Under the new § 2253(c)(2), a district court may issue a certificate of appealability only if the "applicant has made a substantial showing of the denial of a constitutional right." This standard is almost identical to the certificate of probable cause standard formerly used by courts. That standard required the petitioner to make a " 'substantial showing of the denial of a federal right,' " *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n. 2 (5th Cir.1971), *cert. denied* 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972)).

In deciding whether to issue Mr. Griffin a certificate of appealability under 28 U.S.C. § 2253(c), I will use the standard developed by courts under the certificate of probable cause requirement. Two courts of appeals have already held that the standard for issuing a certificate of appealability is the same as the standard under the certificate of probable cause standard. *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir.1996); *Lennox v. Evans*, 87 F.3d 431, 433–434 (10th Cir.1996). *But see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir.1996) (stating, without discussion, that the standard for obtaining a certificate of appealability is "more demanding" than the standard for obtaining a certificate of probable cause).

The only difference between the certificate of probable cause standard and the newly codified standard is the substitution of the word "constitutional" for the word "federal." The court of appeals for the second circuit called this a "distinction without difference," *Reyes*, 90 F.3d at 680, and the court of appeals for the tenth circuit said that despite its use of the word "federal," the former certificate of probable cause standard limited appellate review in habeas corpus actions to "petitions that make a colorable showing of constitutional error," *Lennox*, 87 F.3d at 434 (emphasis added); *see Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993) (describing the "principle that federal habeas corpus courts sit to ensure that individuals are not imprisoned in violation of the Constitution"); *Barefoot*, 463 U.S. at 887–88, 103 S.Ct. at 3392 (stating that "habeas petitions are not legal entitlements that a defendant has a right to pursue irrespective of the contribution these procedures make toward uncovering constitutional error").

In order for this court to issue a certificate of appealability to Mr. Griffin, there must be a showing that " 'the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " *Barefoot*, 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga.1980)). Mr. Griffin's notice of appeal does not identify the issues he plans to raise in connection with his appeal of my decisions and orders of July 2, 1996 and July 25, 1996. As recognized by the court of appeals for the seventh circuit, "it is hard to satisfy the requirements of the new § 2253(c)" where the petitioner does not "provide reasons why a certificate of appealability is in order." Circuit Rule 22.1 comment. Having assessed Mr. Griffin's petition under the aforementioned standards, I still

834

believe that the petitioner is entitled to the issuance of a certificate of appealability.

Whether the Act's one year limitation applies to Mr. Griffin, as he alleges it does not, is not a well settled matter of law. The President signed the Act into law on April 24, 1996. Courts, therefore, have had very little time to interpret it. The question of the retroactivity of the Act is certainly one that is debatable, especially given that the relevant part of the Act is silent as to the effective date. *See Hatch v. Oklahoma,* 92 F.3d 1012 (10th Cir.1996); *Reyes v. Keane,* 90 F.3d 676 (2d Cir.1996); *Boria v. Keane,* 90 F.3d 36 (2d Cir.1996); *Zuern v. Tate,* 938 F.Supp. 468 (S.D.Ohio 1996); *Demelo v. Cobb,* 936 F.Supp. 30 (D.Mass.1996); *Leavitt v. Arave,* 927 F.Supp. 394 (D.Idaho 1996); *Houchin v. Zavaras,* 924 F.Supp. 115 (D.Colo.1996); *Austin v. Bell,* 927 F.Supp. 1058 (M.D.Tenn.1996). Because the questions raised by Mr. Griffin's petition are ones that are debatable among jurists of reason, I will issue a certificate of appealability.

Therefore IT IS ORDERED that Mr. Griffin's request for a certificate of appealability be and hereby is granted.