Axel **HERRERA**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

Lonnie **GREEN**, Petitioner–Appellant,

v.

**Augustus SCOTT, Warden, Lincoln**
**Correctional Center, Respondent–**
**Appellee.**

Nos. 96–1778, 96–2254.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 3, 1996.

Decided Sept. 23, 1996.

Axel Herrera, Federal Correctional Institution (submitted), Milan, MI, for Petitioner–Appellant in No. 96–1778.

Barry Rand Elden, Chief of Appeals, Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Respondent–Appellee in No. 96–1778.

Lonnie Green, Lincoln Correctional Center (submitted), Lincoln, IL, for Petitioner–Appellant in No. 96–2254.

Michael M. Glick, Office of the Attorney General, Chicago, IL, for Respondent–Appellee in No. 96–2254.

Before POSNER, Chief Judge, and BAUER and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

These two cases present related, but distinct, issues concerning application of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214 ("the Act"), to pending collateral attacks on criminal sentences. Each was commenced, decided in the district court, and appealed before April 24, 1996, when the Act took effect. But one is a challenge to a federal conviction under 28 U.S.C. § 2255, and the other a challenge to a state conviction under 28 U.S.C. § 2254. A subtle difference in the interaction between the old and new laws leads to a difference in the way these cases must be handled.

Axel Herrera challenges his federal sentence under § 2255. The district court dismissed his petition, and Herrera filed a notice of appeal on March 29, 1996. On July 5 the court, on its own initiative, entered an order declining to issue a certificate of appealability. Until April 24, a state prisoner could not prosecute an appeal under § 2254 without securing a certificate of probable cause from either a district judge or the court of appeals, while a federal prisoner did not require such a certificate for an appeal under § 2255. The Act requires both state and federal prisoners to secure a "certificate of appealability" as a condition to appeal. See § 102 of the Act, amending 28 U.S.C. § 2253. See also Fed. R.App. P. 22 (as amended by § 103 of the Act), and Circuit Rule 22.1 (adopted May 30, 1996). The district judge in Herrera's case concluded that a certificate of appealability is required even when the notice of appeal was on file before April 24.

Lonnie Green, who is in state custody, filed a petition under § 2254, lost, and filed a notice of appeal on April 18, 1996. On its own initiative, the district court entered an order dated May 17 declining to issue a certificate of probable cause. The judge did not mention the Act or the differences between a certificate of probable cause and a certificate of appealability.

■ Although the district judge in Herrera's case showed commendable attention to the change of law, we hold that a certificate of appealability is unnecessary for § 2255 cases in which the notice of appeal preceded April 24. Under the former law, the notice of appeal sufficed to place the case before the court of appeals. *Lindh v. Murphy,* 96 F.3d 856, 863 (7th Cir.1996) (en banc), slip op. 9, observes that, although the Act presumptively applies to pending cases, it does not alter the effect of procedural steps completed before its enactment. See also *Landgraf v. USI Film Products,* 511 U.S. 244, 275 n. 29, 114 S.Ct. 1483, 1502 n. 29, 128 L.Ed.2d 229 (1994); *Diaz v. Shallbetter,* 984 F.2d 850 (7th

Cir.1993). Until April 24, the procedural step necessary to place a § 2255 case before the court of appeals for decision was the filing of the notice of appeal. We do not read the new statute to call for the dismissal of appeals that were properly filed before its enactment, and we therefore conclude that Herrera's appeal must be resolved on the merits. Cf. *Abdul–Wadood v. Nathan*, 91 F.3d 1023 (7th Cir.1996) (same conclusion for appeals filed before enactment of Prison Litigation Reform Act). No § 2255 case appealed before April 24 requires a certificate of appealability, and orders by district courts declining to issue such certificates will be disregarded as irrelevant. The court will set a briefing schedule for Herrera's appeal.

■ Green's appeal, by contrast, requires a certificate of some kind. Unlike the notice of appeal in a § 2255 case, the notice of appeal in a § 2254 case does not (and, before April 24, did not) complete the steps necessary to place the case on the calendar for decision. The petitioner needed a certificate of probable cause, and when April 24 arrived Green did not have one in hand. A § 2254 case in which a certificate of probable cause was issued before April 24 is just like a § 2255 case in which the appeal was filed before April 24: nothing further is required by the Act. But Green was certificate-less on April 24. Which kind of certificate does he need today? Given the holding of *Lindh* that the statutory changes generally regulate future steps in existing cases, we conclude that Green needs a certificate of appealability rather than a certificate of probable cause. Accord, *Reyes v. Keane*, 90 F.3d 676 (2d Cir.1996); *Lennox v. Evans*, 87 F.3d 431 (10th Cir.1996); contra, *Williams v. Calderon*, 83 F.3d 281, 285–86 (9th Cir.1996).

■ To obtain a certificate of probable cause, a petitioner had to make "a substantial showing of the denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). Under the amended § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." The denial of a certificate of probable cause

therefore implies that a certificate of appealability is equally inappropriate (and the grant of a certificate of probable cause likewise supports a certificate of appealability). The two certificates differ only in scope: a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the "substantial showing" standard, see the amended § 2253(c)(3). It is therefore unnecessary to remand Green's case to the district court, which by denying a certificate of probable cause has foreclosed a certificate of appealability as well.

■ After a district court declines to issue a certificate of appealability, the prisoner may renew his request in this court under Fed. R.App. P. 22(b). Green has not done so, but "[a]n appellant who does not articulate reasons why a certificate of appealability should issue does not forfeit his opportunity to appeal. The court treats the notice of appeal as implying a request for a certificate of appealability." Circuit Rule 22.1(b). The district court dismissed Green's petition for two reasons: forfeiture and lack of merit. According to the district court, Green forfeited federal review of his claims by failing to ask the Supreme Court of Illinois to consider them. The district court relied for this proposition on *Mason v. Gramley*, 9 F.3d 1345 (7th Cir.1993), which we overruled in *Hogan v. McBride*, 74 F.3d 144 (7th Cir.1996), more than two months before the district court's decision. The district court did not make the findings about Illinois law that would show forfeiture under the approach of *Hogan*, so this ground is untenable. But the remainder of the district court's opinion is persuasive. Green complains about his trial lawyer's failure to move for the suppression of his confession. As the district court observed, the confession was given twice—once to a detective, and again to a prosecutor. The second statement was recorded by a court reporter and signed by Green. Nothing in the transcript of the confession supports Green's current story that he confessed only because of a threat that failure to cooperate would increase his sentence. As both the state's appellate court, and the district court, concluded, a motion to suppress would have

been pointless, a wasteful diversion of energy for the defense. The other issues do not require discussion; none satisfies the statutory standard for a certificate of appealability.

Green's appeal is dismissed for want of a certificate of appealability. Herrera's appeal will proceed to briefing and decision on the merits.