114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John Joseph SHORTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1461.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1997.*
Decided April 22, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied July 17, 1997.
 
 1
 Before FLAUM, RIPPLE and EMILIO M. GARZA,** Circuit Judges.
 
 ORDER
 
 2
 John Shorter, a federal prisoner, appeals the district court's denial of his section 2255 petition for habeas corpus. Although Shorter raises several points of error on appeal, his arguments boil down to three: (1) the district court violated his due process rights to a fundamentally fair trial by allowing a lawyer who once represented Shorter to represent a government witness testifying against him; (2) Shorter's Sixth Amendment right to a fair trial was violated because his lawyer was ineffective in failing to point out the due process violation above; and (3) the district court improperly denied Shorter an evidentiary hearing as a part of its adjudication of his habeas petition.
 
 
 3
 We note as an initial matter that the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") now requires section 2255 petitioners to acquire a certificate of appealability ("COA") before we may entertain their appeals. 28 U.S.C. § 2253(c)(1)(B), as amended. Shorter does not have a COA. However, on February 16, 1996, the date Shorter filed his notice of appeal, the AEDPA had not yet been signed into law, and on that date a section 2255 petitioner need only have filed a notice of appeal to vest appellate jurisdiction in this court. Herrera v. United States, 96 F.3d 1010, 1011-1012 (7th Cir.1996). This circuit has held that a COA is not required for section 2255 habeas appeals such as this one filed before April 24, 1996 (the effective date of the AEDPA). Id. Therefore Shorter's habeas appeal is properly before this court without a COA.
 
 
 4
 For the reasons articulated by the district court, we find that Shorter's due process claim involving an alleged conflict of interests to be procedurally barred. Donald Swanson, a lawyer who represented Shorter in a hearing before Shorter's 1990 state trial, also represented Shorter's co-conspirator Verlyn Roux during Roux's subsequent federal plea bargain. After pleading guilty, Roux testified for the government in Shorter's federal trial as a condition of his plea bargain. Swanson was not present at Shorter's trial. Shorter contends that his alleged conflict of interests in Roux's attorney for the plea bargain compromised the fairness of Shorter's federal trial, even though Shorter's trial counsel was without conflict.
 
 
 5
 Regardless of the merits of this claim, Shorter did not raise this due process challenge at trial or on direct appeal. Therefore, as the district court pointed out, Shorter may only raise those issues here if he demonstrates cause for the failure to raise the claim and actual prejudice from the error. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir.), cert. denied, 516 U.S. 993, 116 S.Ct. 528, 133 L.Ed.2d 434 (1995). Shorter has shown neither.
 
 
 6
 Shorter has completely failed to show a cause for his failure to raise this challenge on direct appeal. His federal trial and direct appeal took place three years after his state trial, and Swanson had already represented Roux during the plea bargain before Shorter's federal trial. Shorter states as cause only that the facts surrounding his claims were "extrinsic evidence from the state proceeding" and that they were "associated with Shorter's state related case." That these facts were associated with a completed state trial "extrinsic" to his federal trial will not suffice as justifiable cause for failing to raise the challenge on direct appeal. As the district court pointed out, a section 2255 petition is neither a recapitulation of, nor a substitute for, a direct appeal. Johnson v. United States, 838 F.2d 201, 202 (7th Cir.1988). Without a showing of cause, even constitutional arguments are procedurally barred from collateral attack. Lemons, 54 F.3d at 360.
 
 
 7
 Shorter also has failed to show conclusively that the alleged conflict actually prejudiced him. He suggests that his former attorney divulged confidential information about his case to a prosecution witness. However, he has not pointed to any such information nor shown that, whatever their content, these purported confidences influenced the jury or the court in any way. We note that Shorter's case does not involve an allegation that his attorney had a conflict of interest. Therefore, there is no limited presumption of prejudice as in Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). In light of the substantial record evidence showing Shorter's guilt, we find that even if Shorter could show an actual conflict of interests, he has failed to show that any conflict affected the outcome of his trial.
 
 
 8
 Shorter also failed to assert ineffective assistance of counsel on direct appeal, and the same cause and prejudice standard applies to this claim. Shorter's lawyer at trial was also his lawyer on appeal. In such cases, this court has held that the defendant cannot be said to have had a fair opportunity to challenge his attorney's effectiveness on appeal, and that such circumstances present sufficient cause to raise an ineffective assistance argument for the first time in a petition for habeas corpus. Bush v. United States, 765 F.2d 683, 684 (7th Cir.), cert. denied, 474 U.S. 1012, 106 S.Ct. 542, 88 L.Ed.2d 472 (1985). However, Shorter has failed to show the required prejudicial effect. Even if we stretch to accept Shorter's assumptions--that there was an actual conflict, that Shorter's lawyer had an obligation to point this out to the court, that the court would have disqualified Roux's lawyer--there is no indication whatsoever that the disqualification would have affected the outcome of the trial. To be sure, Shorter alleges that his counsel's ineffectiveness in raising this alleged error was outcome determinative, but we hold that, in the face of the record evidence against him, this mere allegation of prejudice is insufficient to show actual prejudice. Therefore we find that Shorter's ineffective assistance of counsel argument is procedurally barred as well.
 
 
 9
 Finally, Shorter alleges that the district court owed him an evidentiary hearing on his section 2255 petition. Whether to hold an evidentiary hearing in section 2255 cases is within the discretion of the district court. Prewitt v. United States, 83 F.3d 812, 820 (7th Cir.1996). We therefore review the district court's decision for an abuse of discretion. Id. This circuit has held that evidentiary hearings are only proper when the habeas petition is accompanied by a detailed and specific affidavit showing that the petitioner has actual proof going beyond mere unsupported assertions. Barry v. United States, 528 F.2d 1094, 1101 (7th Cir.), cert. denied, 429 U.S. 826, 97 S.Ct. 81, 50 L.Ed.2d 88 (1976). Mere unsupported allegations cannot sustain a petitioner's request for a hearing. Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989). In light of Shorter's failure to provide any affidavit, the lack of sufficient concrete evidence as to actual prejudice for any of his claims, and the overwhelming evidence against him, we cannot say that the district court abused its discretion in denying Shorter an evidentiary hearing.
 
 
 10
 We need not address the merits of Shorter's claims, as the district court did, since his arguments are procedurally barred under Frady, 456 U.S. at 168, 102 S.Ct. at 1594. Shorter has failed to show cause and prejudice sufficient to raise these arguments in a petition for habeas corpus, and therefore we AFFIRM the district court's denial of relief and denial of an evidentiary hearing.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second oral argument is unnecessary
 
 
 **
 The Honorable Emilio M. Garza, Circuit Judge from the Fifth Circuit, is sitting by designation