**Garry BORZYCH, Allen Sheckles, and Alvin Hegge, Petitioners,**

v.

**Daniel BERTRAND, Respondent.**

No. 97–C–454.

United States District Court, E.D. Wisconsin.

Nov. 18, 1997.

Gary Borzych, Green Bay, WI, pro se.

Allen Sheckles, Green Bay, WI, pro se.

Alvin Hegge, Green Bay, WI, pro se.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

In a decision and order dated August 26, 1997 I denied the petitioners' "joint petition" for a writ of habeas corpus. On September 9, 1997, I denied the petitioners' motion, pursuant to Rule 59(e), Federal Rules of Civil Procedure, to amend the judgment. On October 9, 1997, the petitioners filed a notice of appeal, and on October 27, 1997, they filed a request for a "certificate of appealability."

Before the petitioners may take their appeal to the court of appeals for the seventh circuit, the district court must consider whether to grant them a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). Although the relevant statute states that an appeal may not be taken unless a "circuit justice or judge" grants a certificate of appealability, Circuit Rule 22.1(b) provides that an appellant must first make a request for a certificate of appealability to the district court.

Under § 2253(c), a district court may issue a certificate of appealability only if the "applicant has made a substantial showing of the denial of a constitutional right." The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *Herrera v. United States,* 96 F.3d 1010, 1012 (7th Cir.1996). The *Herrera* court said that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id.* (emphasis in original); *see also Griffin v. Endicott,* 937 F.Supp. 832, 833 (E.D.Wis. 1996) (holding that when determining wheth-

er to issue a certificate of appealability, the court should apply the test developed under the certificate of probable cause standard). Thus, in order for the district court to issue a certificate of appealability to the petitioners, it must identify for the court of appeals, the issues that " 'are debatable among jurists of reason' " or that are " 'adequate to deserve encouragement to proceed further.' " *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3395 n. 4, 77 L.Ed.2d 1090 (1983) (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga.1980)).

■ Mr. Borzych, Mr. Sheckles, Mr. Hegge, and a fourth petitioner not named in the notice of appeal, filed their original petition, which was 84 pages long, on April 23, 1997. Finding that their lengthy petition was not in compliance with Rule 2, Rules Governing Section 2254 Cases, I invited the petitioners to file an amended petition that would enable the court to determine simple questions like what court convicted the petitioners, what post-conviction avenues were taken, and what were their grounds for relief. In response, they filed a 31–page amended petition, with appendices. They stated approximately 37 "joint" grounds for relief.

My review of their amended petition showed that the petitioners were all convicted for different crimes on different dates and in different courts. I found that under Rule 4, Rules Governing Section 2254 Cases, the "joint" petition could not survive. Specifically, I noted that a petition for a writ of habeas corpus is by nature an individual action and that:

> [e]ach petitioner's claim is factually distinct and cannot be resolved by a general application of the law. The petitioners were each tried for a variety of different crimes in front of different juries, and the court cannot address the claims without delving in to the factual background of each case.... Furthermore, as mentioned above, the court must determine whether each petitioner exhausted each claim in the state courts. It is obvious from the petitioners' description of the state court appeals that they did not all follow the same route after conviction.

Decision and Order of August 26, 1997, at 4, 7.

Despite the length of their 38–page request for a certificate of appealability, the petitioners do not address the reasons for my dismissal of their action. Instead, the gist of their argument seems to be that this court should not have dismissed their petition without first engaging in a "sua sponte examination" of various jurisdictional questions. *See* Petitioners' Request for Certificate of Appealability ["Petitioners' Request"], at p. 35. According to their request, the petitioners believe that because they filed their petition pursuant to 28 U.S.C. § 2241, in addition to 28 U.S.C. § 2254, this court had the duty of determining whether the state courts had "competent jurisdiction" over the petitioners. They allege that they could have set forth claims under § 2254 only if this court determined that the state courts in which they were convicted had jurisdiction over them. Otherwise, they argue, they can only challenge "structural and jurisdictional defects in the State Court judgment" under § 2241. *See* Petitioners' Request, at p. 3. They contend that the court dismissed their action for failure to exhaust state court remedies, which, according to them, was improper because § 2241 does not require that petitioners exhaust their remedies in state court. *See* Petitioner's Request, at p. 33.

In making this argument, the petitioners repeatedly refer to the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996), which made substantial changes to the laws of habeas corpus. Specifically, they allege that "Congress had removed challenges to structural and jurisdictional defects in the State Court judgment, from the purview of § 2254, and left them in tact [sic] under § 2241." Petitioners' Request, at p. 3. The petitioners also argue that this court's dismissal of their action is a violation of the First Amendment's prohibitions on prior restraints and subject-matter-based discrimination. *See* Petitioners' Request, at p. 31–37.

■ I do not believe that my dismissal of the "joint" petition would be debatable among jurists of reason. I gave the petitioners an opportunity to submit a manageable amended petition, but they instead filed a petition that alleged different claims for each

petitioner. Such a petition, whether it was brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254, was not proper. In essence, the petitioners' argument is that I should have addressed their claim that the state courts in which they were convicted did not have proper jurisdiction over them. If I determined that the state court did not have jurisdiction, they allege that I should have addressed their multitude of different claims under § 2241, which allows for federal courts to issue a habeas corpus writ when a petitioner is in custody, but such custody is not necessarily pursuant to a state court judgment. See *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503, 93 S.Ct. 1123, 1133–34, 35 L.Ed.2d 443 (1973) (Rehnquist, J., dissenting) (stating that § 2241 "empowers district courts to issue the writ, *inter alia*, before a judgment is rendered in a criminal proceeding"); *United States ex rel. Hoover v. Franzen*, 669 F.2d 433, 442 (7th Cir.1982) ("Perhaps one distinction between the two sections is that section 2254 is reserved for prisoners who are in custody pursuant to a state court conviction, while section 2241 confers jurisdiction to entertain petitions challenging pre-trial custody by those individuals in state custody.").

The flaw in this argument is that even the question of whether the state courts had jurisdiction over the petitioners is a factually distinct for each petitioner. For all the reasons stated in my original dismissal, there is no basis for the petitioners' having brought this claim together. Furthermore, even if I had determined that none of the state courts had jurisdiction over the petitioners, I still would have been unable to address any of the other claims "jointly." Indeed, as I noted in my original dismissal of their petition, many of their claims did not apply to all petitioners and had nothing to do with whether the state court had proper jurisdiction.

�OCR Despite the petitioners' position in their request for a certificate of appealability, I did not dismiss the petition for failure to exhaust state court remedies. Instead, I expressed concern that the lack of clarity in their amended petition made it impossible to determine whether each petitioner had exhausted each claim in state court before filing this federal action. Moreover, such a concern is not improper, even if the petition

were deemed to be one that was filed under § 2241. See *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir.1991) (stating that while a pre-trial detainee who had filed a habeas corpus petition pursuant to § 2241 was not subject to the "statutory requirement of exhaustion of remedies ... federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ") (citation omitted).

The petitioners had the opportunity to amend their petition. They also had the opportunity to show why their "joint" petition was proper. I do not believe that reasonable jurists could differ on the questions of whether I should have allowed the action to go forward or whether the petitioners deserve encouragement to proceed further. I will therefore deny their request for a certificate of appealability.

Therefore, IT IS ORDERED that the request for a certificate of appealability be and hereby is denied.