Ricky L. SWEENEY, Petitioner,

v.

Judy SMITH, Respondent.

No. 97–C–1179.

United States District Court,
E.D. Wisconsin.

July 21, 1998.

Ricky L. Sweeney, Oshkosh, WI, pro se.

**DECISION AND ORDER**

MYRON L. GORDON, District Judge.

I denied Mr. Sweeney's petition for a writ of habeas corpus on June 12, 1998, pursuant

to Rule 4, Rules Governing Section 2254 Cases. On June 29, 1998, he filed a notice of appeal, a request for a certificate of appealability, and a motion for leave to proceed in forma pauperis on appeal.

Before Mr. Sweeney may take his appeal to the court of appeals for the seventh circuit, the district court must consider whether to grant him a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). Although the relevant statute states that an appeal may not be taken unless a "circuit justice or judge" grants a certificate of appealability, Circuit Rule 22.1(b) provides that an appellant must first make a request for a certificate of appealability to the district court.

Under § 2253(c), a district court may issue a certificate of appealability only if the "applicant has made a substantial showing of the denial of a constitutional right." The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *Herrera v. United States,* 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court said that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id.* (emphasis in original); *see also Griffin v. Endicott,* 937 F.Supp. 832, 833 (E.D.Wis. 1996) (Gordon, J.) (holding that when determining whether to issue a certificate of appealability, the court should apply the test developed under the certificate of probable cause standard). Thus, in order for the court to issue a certificate of appealability to Mr. Sweeney, it must identify for the court of appeals, the issues that " 'are debatable among jurists of reason' " or that are " 'adequate to deserve encouragement to proceed further.' " *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383 n. 4, 77 L.Ed.2d 1090 (1983) (quoting *Gordon v. Willis,* 516 F.Supp. 911, 913 (N.D.Ga.1980)).

█ Although the petitioner set forth three claims in his original petition, he only challenges my dismissal of his claim that his convictions violated his constitutional rights because "Wisconsin has made sexual contact and sexual intercourse the same act" whereas these acts (he argues) are "distinct separate offenses ... requiring separate punish-ments." In his petition, Mr. Sweeney, who was convicted on three counts of first degree sexual assault of a child, claimed that sexual contact is a lesser-included offense of sexual intercourse and should therefore be a crime that is separate from sexual assault (and presumably that the crime of sexual contact should have a lower sentence than the crime of sexual assault).

I do not believe that my dismissal of this claim is debatable among jurists of reason. First, as I said in the earlier decision, there is nothing in the Double Jeopardy Clause that forbids a state from assigning the same punishment for sexual contact and sexual intercourse with a child, both of which fall under the statutory definition of sexual assault. Second, I also found that because each of those offenses includes an element that the other does not, sexual contact is not a lesser-included offense of sexual intercourse. The petitioner has offered no support to refute my findings and, as a result, has not made a substantial showing of the denial of a constitutional right. I therefore decline to encourage Mr. Sweeney to proceed on this claim and will deny his request for a certificate of appealability.

█ I must still address Mr. Sweeney's application for leave to proceed in forma pauperis. The standard for the court's granting Mr. Sweeney's petition for leave to proceed in forma pauperis is different than the certificate of appealability standard. Under 28 U.S.C. § 1915(a)(3) and Rule 24(a), Federal Rules of Appellate Procedure, the court must find that Mr. Sweeney's appeal is taken in good faith in order to allow him to proceed in forma pauperis.

It is not clear if the court must apply a subjective or an objective standard in deciding whether Mr. Sweeney appeals this court's decision in good faith. The United States Supreme Court has explicitly said that the "good faith" standard for proceeding in forma pauperis on appeal is objective and allows an appellant to proceed on any issue that is "not frivolous." *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *see Anderson v. Sundquist,* 1 F.Supp.2d 828, 835 (W.D.Tenn.1998) ("An appeal is not taken in good faith if the issue

presented is frivolous."). The court of appeals for the seventh circuit, however, has recently said that under the in forma pauperis statute, "the district court's only role with respect to appeals is determining whether the appeal was taken in 'good faith,'" and that "'good faith' implies a subjective standard." *Newlin v. Helman,* 123 F.3d 429, 433 (7th Cir.1997), *cert. denied sub nom. Robinson v. Smith,* 118 S.Ct. 707 (1998). The *Newlin* court went on to say that because "judges lack access to the plaintiff's mental processes," the court must infer the plaintiff's thoughts from his acts. *Id.*

I find that Mr. Sweeney, under either an objective or a subjective standard, has not taken this appeal in good faith. As I concluded when discussing his request for a certificate of appealability, his argument does not have any basis in law. As a result, the issue that he appeals is frivolous. Furthermore, Mr. Sweeney has done little to show me that he believes that his position has merit. *See id.* ("A plaintiff who has been told that the claim is foreclosed and then files a notice of appeal without offering any argument to undermine the district court's conclusion is acting in bad faith."). Although he has made some arguments, he does not explain why his conviction under the sexual assault statute violates his constitutional rights. Even assuming that sexual contact is a lesser-included offense of sexual assault, Mr. Sweeney fails to point the court to any support for his proposition that a conviction for a lesser-included offense must include a different punishment. Furthermore, the petitioner argues that any sexual contact that he may have committed was "incidental to the sexual intercourse," but he never alleges that he was convicted for both sexual contact and sexual intercourse that arose out of the same act. Indeed, his three sexual assault convictions arose from acts committed on three distinct days. Finally, Mr. Sweeney claims that the court should not have applied the test outlined in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) for determining what crime is a lesser-included offense, but he does not refer the court to any other relevant test. Because the petitioner has failed to explain how these three different convictions violate his constitutional rights, I certify that his

appeal is not in good faith, pursuant to 28 U.S.C. § 1915(a)(3), and I therefore decline to allow him to proceed on this claim without paying the required filing and docketing fees.

Therefore, IT IS ORDERED that Mr. Sweeney's application for a certificate of appealability be and hereby is denied.

IT IS ALSO ORDERED that Mr. Sweeney's motion for leave to proceed in forma pauperis on appeal be and hereby is denied.