Lokmar Y. ABDUL–WADOOD,
Plaintiff–Appellant,

v.

Sylvester NATHAN, Defendant–Appellee.

Lokmar Y. ABDUL–WADOOD,
Plaintiff–Appellant,

v.

Conrado DELROSARIO and Adriane
Jaggers, Defendants–Appellees.

Lokmar Y. ABDUL–WADOOD,
Plaintiff–Appellant,

v.

Todd KAMLEITER, et al.,
Defendants–Appellees.

Nos. 96–1074, 96–1296 and 96–1527.

United States Court of Appeals,
Seventh Circuit.

Submitted July 18, 1996.

Decided Aug. 2, 1996.

Lokmar Yazid Abdul-Wadood (submitted), Westville, IN, for Plaintiff-Appellant.

Pamela Carter, Robert L. Collins, Office of the Attorney General, Indianapolis, IN, for Defendants-Appellees.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

Lokmar Abdul–Wadood, a prisoner of Indiana, is a frequent filer. Last month we affirmed several cases he was pursuing, concluding that two of the appeals were frivolous and counted toward the three "strikes" allowed by the Prison Litigation Reform Act, Pub.L. 104–134, 110 Stat. 1321 (Apr. 26, 1996). After losing three cases for one of the enumerated grounds, which include frivolousness, a plaintiff must prepay the docket fee for filing a complaint or taking an appeal, unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), added by § 804(d) of the new statute. Abdul–Wadood had at least five other cases on appeal at the time we warned him about the consequences of frivolous litigation. He did not withdraw any of the five appeals. Today we affirm in three more, all of them frivolous. The allowed strikes now are exhausted.

■ In appeal No. 96–1074, Abdul–Wadood contends that Sylvester Nathan, a prison physician, violated the cruel and unusual punishments clause of the eighth amendment by administering inappropriate treatment for an attack of sickle cell anemia, an incurable condition from which Abdul–Wadood suffers. When Abdul–Wadood complained of pain, Dr. Nathan first gave him ibuprofen; pain continued, and Dr. Nathan prescribed increasingly strong pain medicine, culminating in Tylenol No. 4, which brought relief. The prison hospital also administered intravenous fluids. Given the strict standards of *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), and *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the district court properly granted summary judgment to Dr. Nathan. Abdul–Wadood's disagreement with the selection of medicine and therapy falls well short of demonstrating deliberate indifference to a serious medical need. Malpractice does not violate

the Constitution, and we doubt that this treatment could even be called negligent.

■ In appeal No. 96–1296, Abdul–Wadood contends that Conrado Delrosario, another prison physician, and Adriane Jaggers, a nurse, violated the cruel and unusual punishments clause by providing inappropriate treatment for an elbow injury he sustained while exercising. Abdul–Wadood decided that his pain marked the start of a sickle cell crisis and demanded ibuprofen, suing when he did not get it. (Note the nimble change of position: when Dr. Nathan started with ibuprofen for a sickle cell episode, Abdul–Wadood called that cruel and unusual.) Dr. Delrosario concluded that Abdul–Wadood exhibited none of the signs of a sickle cell crisis and prescribed an analgesic and an anti-inflammatory agent. For all this record reveals, the diagnosis and treatment were exactly right; there was no constitutional problem.

■ In appeal No. 96–1527, Abdul–Wadood contends that several prison officials violated the due process clause of the Constitution by fining him 50 cents, issuing a reprimand, and suspending his commissary privileges for his repeated improper possession of string (which can be used as a garrote) and torn socks. It has long been clear that such minor steps do not implicate any liberty or property interest, see *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976), a conclusion fortified by *Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Summary judgment was wholly proper; indeed, the complaint is preposterous and fails to state a claim on which relief can be based.

■ All three of these appeals are frivolous, and Abdul–Wadood now has at least five strikes against him. Application of the new Act is not impermissibly retroactive, not only because Abdul–Wadood had ample chance to dismiss his frivolous litigation after April 26 (and a direct warning from this court a month ago), but also because the statute does not change any of the legal consequences of deeds preceding its enactment. See *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible. See *McGill v. Faulkner*, 18 F.3d 456 (7th Cir.1994). Other changes made by the new statute curtail the extent to which payment may be deferred for any litigant. Under § 804(a)(3) of the law, adding 28 U.S.C. § 1915(b), a prisoner must prepay toward the docket fee 20 percent of the funds in his institutional account (or 20 percent of its average balance during the preceding six months, if this is greater), and the prison must remit to the court 20 percent of any funds the inmate receives each month until the fee has been paid in full. The increase from partial prepayment to 100% prepayment applies to filings after the third frivolous suit.

■ The conclusion that § 1915(g) applies poses the question what happens to Abdul–Wadood's appeals. Having declared No. 96–1074 frivolous, should we dismiss the other two without reaching the merits. We think not. Section 1915(g) governs bringing new actions or filing new appeals—the events that trigger an obligation to pay a docket fee—rather than the disposition of existing cases. Therefore we decide all three of these appeals on the merits rather than deeming one frivolous and dismissing the other two. Any of Abdul–Wadood's appeals remaining on our docket (or pending in the district court) likewise should be addressed on the merits.

Abdul-Wadood can use the partial prepayment option in § 1915(b) only if in the future he "is under imminent danger of serious physical injury." We need not decide what this phrase means, or how it is to be raised or proved. It is enough to say that in light of Abdul–Wadood's multiple frivolous suits and appeals, he must now pay the full docket fees unless he can satisfy this standard.

AFFIRMED.