99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marshall JACKSON, Plaintiff-Appellant,
v.
Dean NEITZKE, et al., Defendants-Appellees.
 No. 96-1049.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 8, 1996.*
Decided Oct. 17, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Marshall Jackson, making another of his frequent appearances in federal court, contends that the prison dentist violated his rights under the eighth amendment by delaying the extraction of a broken tooth.
 
 
 2
 Jackson has a partial upper plate, which contains prosthetic teeth replacing those that have broken or decayed. When tooth # 10 broke in April 1993, Jackson told the dentist that he wanted an open face gold crown added to his plate. The prison does not do such work for free. The dentist investigated and told Jackson that the charge would exceed $70. There may have been some misunderstanding about what Jackson wanted; at all events, by the time Jackson learned the price, said no, and kept an appointment with the dentist (several were skipped), his gums had become painful in the area surrounding the broken tooth. Extraction finally occurred in February 1994.
 
 
 3
 The district court correctly concluded that these events do not come close to establishing a violation of the eighth amendment under the approach of Estelle v. Gamble, 429 U.S. 97 (1976). See also Farmer v. Brennan, 114 S.Ct.1970 (1994). Indeed, this suit is frivolous, if not vexatious--a possibility raised by the fact that Jackson has sued the warden of the prison and several other supervisory officials who bear no conceivable responsibility for the dentist's decisions. Under 28 U.S.C. § 1915(g), a prisoner who brings three cases (or appeals) that are "frivolous, malicious, or [fail] to state a claim upon which relief may be granted" loses his entitlement to proceed in forma pauperis in the future. We conclude that this appeal is "frivolous" for purposes of § 1915(g). It may well be, given Jackson's extensive history of litigation, that there are two more, a possibility that should be carefully investigated for any suit or appeal Jackson files after April 25, 1996. See Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996). Jackson's other arguments do not require discussion.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)