103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lokmar Y. ABDUL-WADOOD, Plaintiff-Appellant,
v.
Steve HUCKINS, et al., Defendants-Appellees.
 No. 95-3426.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.*
Decided Dec. 02, 1996.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Lokmar Y. Abdul-Wadood, an Indiana prisoner, has exhausted the three "strikes" allowed by the Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321 (Apr. 26, 1996) ("PLRA"). However, because this appeal was pending at the time that the PLRA was enacted, we will reach the merits, according to our explanation in Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996).
 
 
 2
 In July 1995, Abdul-Wadood filed a civil rights action against defendants, various prison officials and guards, claiming excessive force and deliberate indifference to various physical injuries. After missing the deadline for filing a petition for certiorari, Abdul-Wadood amended the complaint and sought damages for the guards' confiscation of a booklet containing the Rules of the Supreme Court.[1] Plaintiff then filed a motion for preliminary injunction asking the court to direct defendants to return the booklet. On September 22, 1995, the district court denied the motion for preliminary injunction requesting a return of the booklet. The court found plaintiff had failed to show he would suffer irreparable harm or a reasonable likelihood of success on the merits. Abdul-Wadood took an interlocutory appeal under 28 U.S.C. § 1292 from the denial of his motion for preliminary injunction.
 
 
 3
 Plaintiff has made no showing of irreparable harm; he does not suggest that the Supreme Court Rules are not otherwise available through the prison law library or other sources. Plaintiff also has failed to show the reasonable likelihood of success on the merits as to the claim that he suffered compensatory damages as a result of the confiscation of the booklet. Moreover, he has an adequate remedy at law in that he may continue with the present action in the district court, since the certiorari deadline had already passed by the time he filed the motion for injunctive relief.
 
 
 4
 We find that the appeal is frivolous. Abdul-Wadood is fond of filing interlocutory appeals from the denial of motions for preliminary injunctions, thereby taking a more timely, expensive and circuitous route to resolving what are too often frivolous claims. As stated in our August 2, 1996 opinion in Abdul-Wadood v. Nathan, 91 F.3d at 1025, the PLRA now prevents him from making filings in the future without prepayment of the appropriate fees.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 He also added allegations about the guards' refusal to mail his legal correspondence and false information in his institutional packet that he believed would affect upcoming parole decisions. The false information allegations were previously before this court in the form of a mandamus action. When Abdul-Wadood filed a notice of appeal from the preliminary injunction denial as to the rules booklet, he also filed a petition for writ of mandamus in this court (No. 95-8068) requesting the immediate removal of allegedly false information from his parole file. We closed the mandamus action and directed the district court clerk to file it as a Notice of Appeal. Abdul-Wadood explains in a footnote in his reply brief that he has abandoned the false allegations claims because he considers the matter moot. In any event, it is not a part of this particular interlocutory appeal