103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lokmar Y. ABDUL-WADOOD, and Mario Holsinger, Plaintiffs-Appellants,
v.
Dawn MacMILLILLAN, and Mark Levenhagen, Defendants-Appellees.
 Nos. 94-3272, 94-3320.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.[1]
Decided Dec. 04, 1996.
 
 Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs[2] brought this suit pursuant to 42 U.S.C. § 1983 challenging the state prison's vested month system used to calculate good time credit and release dates, arguing that the system violates their rights under the Eighth and Fourteenth Amendments.[3] The district court dismissed the suit for failure to state a claim.[4] Fed.R.Civ.P. 12(b)(6).
 
 
 2
 The MCC's use of a vested month system has been approved by the district court in a class action, Taifa v. Bayh, 846 F.Supp. 723 (N.D.Ind.1994), and that judgment was upheld by this court. Isby v. Bayh, 75 F.3d 1191 (7th Cir.1996). Plaintiffs, who were members of the certified class and received notice of the consent decree, may not relitigate the issue here. See Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 874 (1984) (a prior adjudication "in a properly entertained class action is binding on class members in any subsequent litigation"); Martin v. Davies, 917 F.2d 336, 339-40 (7th Cir.1990) (inmate, as member of class, is bound by earlier decree); Fed.R.Civ.P. 23 (all members of class are bound by judgment entered in that action). All of plaintiffs' individual claims are based on the existence of the vested month system.
 
 
 3
 Defendants are entitled to qualified immunity, see Harlow v. Fitzgerald, 457 U.S. 800 (1982), because no constitutional right to be free from a vested month type of system was clearly established as a matter of law at the time of the alleged violations. Indeed, as we have stated, a modified version of the vested month system has been approved by the district court and affirmed by this court.
 
 
 4
 Finally, we note that Holsinger argues in his reply brief that the consent decree "openly violates the law" and asserts that the decree is "invalid and in itself should be changed." That challenge must be raised in the class action proceedings, not in a separate suit seeking a declaratory judgment.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 The complaint was initially filed by 13 inmates. Only Holsinger and Abdul-Wadood have appealed the district court's final judgment. While Abdul-Wadood refers to this as a "class action" in his brief (p. 2), nothing in the record indicates that certification as a class was either requested or granted
 
 
 [3]
 Holsinger adds a double jeopardy argument in his reply brief. Even if we were to find that the consent decree did not bind Holsinger as a member of the class, raising a new argument in an appellate reply brief is too late and the argument would be deemed waived
 
 
 [4]
 Because the dismissal was pursuant to Rule 12(b)(6), this would affect the three-strike provision in the Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321 (Apr. 26, 1996) ("PLRA"). Abdul-Wadood has exhausted the three "strikes" allowed by the PLRA. Nevertheless, because this appeal was pending at the time that the PLRA was enacted, we will reach the merits as to Abdul-Wadood (along with his co-plaintiff Holsinger), in accordance with our explanation in Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996)