114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles PHELPS, Plaintiff-Appellant,
v.
INDIANAPOLIS POLICE DEPT., et al., Defendants-Appellees.
 No. 96-1504.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1997.*
Decided April 30, 1997.
 
 Before FAIRCHILD, BAUER, and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Charles Phelps, an Indiana inmate, sued various officers of the Indianapolis Police Department pursuant to 42 U.S.C. § 1983 for allegedly violating the Fourth Amendment's prohibition of unreasonable seizure during the course of his 1992 arrest. After the district court dismissed several defendants, including the Department itself, it heard his claim in a bench trial and entered judgment for defendants. We affirm.
 
 
 2
 We briefly summarize the district court's determinations of fact, which must be taken as true unless clearly erroneous, Fed.R.Civ.P. 52(a). Near midnight on July 2, 1992, two Indianapolis police officers, Ned Popovich and Marvin Cummings, responded to a report of someone holding a gun on another person. Near the location identified in the report, they found Phelps and several other men standing next to a car. As the officers approached and asked if anyone had a gun, Phelps turned to leave, keeping one hand in his pants pocket. Officer Popovich, who testified he was then holding his service revolver behind his right leg, instructed Phelps to remove his hand from his pocket, but Phelps instead walked away. When Popovich grasped Phelps's T-shirt to stop him, Phelps turned and struck the officer twice in the face. After the two fell to the ground struggling, Cummings attempted to handcuff Phelps. The violent struggle finally broke Popovich's ankle, whereupon Phelps fled down a nearby alley.
 
 
 3
 Phelps apparently passed out in the alley, where it was so dark that he could not even see the white ice machine that he was found leaning against. A third police officer, Joseph Brannon, brought a police canine to search the alley. The dog, which had been trained to bite and hold suspects, discovered Phelps in the dark and silently inflicted multiple bite wounds in part because, the district court concluded, it had difficulty gripping his sweaty and bloody body. Brannon was unaware that the dog was biting Phelps until he was startled by a calm voice saying, "Get the dog or I'll sue you." The officer then led Phelps, the dog gripping his arm, back to the other officers.
 
 
 4
 Phelps was arrested and later convicted in Indiana state court of battery on Popovich, battery on Cummings, and resisting law enforcement based on the struggle with Popovich. He was also acquitted of possessing a handgun and quantity of cocaine that were found near the locations of his struggle and arrest. His convictions were affirmed on direct appeal.
 
 
 5
 Now on appeal from his unsuccessful civil rights suit, Phelps first asserts that his seizure was illegal, apparently referring to Officer Popovich approaching him with gun drawn and grasping his shirt. The district court rejected the claim on the basis of collateral estoppel, noting the state court's unappealed finding at Phelps's suppression hearing that there was probable cause to seize him. We find in any event that his claim of unlawful seizure is patently frivolous.
 
 
 6
 As for Phelps's claim of excessive force, he makes no cogent argument warranting disturbing the sound judgment of the district court. The court correctly found that the use of force at each stage of the encounter was objectively reasonable, and that Phelps could not make a tenable claim of self-defense. The central determinations of fact in this case turn on credibility and as such are entitled to substantial deference on appeal because of the trial judge's opportunity to observe the demeanor of the witnesses. Phelps's appeal is simply an unvarnished and necessarily unsuccessful attempt to relitigate the claim that he has lost.
 
 
 7
 We have determined that this prisoner's appeal is frivolous. Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), this result counts as a "strike": Phelps is cautioned that if while incarcerated he loses three or more actions or appeals on grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted, his ability to pursue civil claims in forma pauperis will be greatly curtailed, see 28 U.S.C. § 1915(g); Abdul-Wadood v. Nathan, 91 F.3d 1023 (1996).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)