124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William A. EVANS, Plaintiff-Appellant,
v.
Odie WASHINGTON, Director of the Illinois Department of
Corrections, and GEORGE E. DETELLA, Warden, Milton
I. Shadur, Stateville Correctional
Center, Joliet, Judge.
Illinois,
Defendants-
Appellees.
 No. 96-2400.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 30, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Sept. 16, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 
 2
 Before Hon. JOHN L. COFFEY, Circuit Judge Hon. JOEL M. FLAUM, Circuit Judge Hon. MICHAEL S. KANNE, Circuit Judge
 
 ORDER
 
 3
 William A. Evans, an Illinois state prisoner, appeals the dismissal of his pro se complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) (providing for dismissal of frivolous actions).[1] The only issue in his complaint (filed under 42 U.S.C. § 1983) and on appeal is whether a state prisoner has a federal constitutional right to college-level educational programs. The answer is clearly no. See Higgason v. Farley, 83 F.3d 807, 809 (7th Cir.1996) (per curiam) (due process clause does not protect prisoner's access to educational and rehabilitative programs); United States v. Williams, 787 F.2d 1182, 1184 n. 3 (7th Cir.1985) (per curiam) (same); Garza v. Miller, 688 F.2d 480, 486 (7th Cir.1982) (same), cert. denied, 459 U.S. 1150 (1983).[2]
 
 The judgment is AFFIRMED.[3]
 
 
 *
 This court granted appellees' motion for an order of non-involvement on appeal due to lack of service in the trial court and ordered the appeal submitted without the filing of a brief by appellees. After an examination of the appellant's brief, the appellant's letter setting forth citations of supplemental authorities, the appellant's brief, the appellant's letter setting forth citations of supplemental authorities, the appellant's supplement to the brief, and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the appellant's brief, the appellant's two supplemental submissions, and the record. See Fed.R.App. 34(a); Cir.R. 34(f)
 
 
 [1]
 Because the district court did not abuse its discretion in granting Evans an extension of time to file his notice of appeal, we have jurisdiction over the appeal. See Fed. R.App. P. 4(b)
 
 
 [2]
 The arguments presented and authorities cited in Evans's "Emergency Motion Requesting Judicial Notice Pursuant to Federal Evidence 201(d)" do not affect our conclusion. Accordingly, the motion is denied
 
 
 [3]
 Because this appeal is frivolous, it counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Abdul-Wadood v. Nathan, 91 F.3d 1023, 1024 (7th Cir.1996)