

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-1997

# Keener v. PA Bd Probation

Precedential or Non-Precedential:

Docket
96-1726

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Keener v. PA Bd Probation" (1997). *1997 Decisions.* Paper 242.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/242

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 17, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-1726

GEORGE K. KEENER

v.

PENNSYLVANIA BOARD OF PROBATION & PAROLE;
ROBERT WIENCKOSKI

George K. Keener,
        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 96-cv-05075)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 1997

Before: SLOVITER, Chief Judge
STAPLETON and COWEN Circuit Judges

(Opinion Filed October 17, 1997)

        George K. Keener,
        Dallas, PA

         Appellant Pro Se

OPINION OF THE COURT

PER CURIAM.

Appellant George Keener seeks to appeal the order of the
district court denying his motion for leave to proceed in
that court in forma pauperis pursuant to 28 U.S.C.
S 1915(g). Following the filing of his notice of appeal Keener
sought to proceed in this court in forma pauperis and
requested appointment of counsel. We have determined
that the issue is a straightforward one which can be
decided without further briefing, and deny the motion for
counsel.

The Prisoner Litigation Reform Act (PLRA), which was
enacted on April 26, 1996, precludes a prisoner from

proceeding in forma pauperis if that prisoner:

> has, on 3 or more prior occasions, while incarcerated
> or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. S 1915(g).

The district court denied Keener's motion to proceed in
forma pauperis because he had previously filed numerous
civil rights actions which had been dismissed as frivolous
by that court. The most recent three were dismissed on
July 12, 1995, March 1, 1995, and February 4, 1994, all
before the enactment of the PLRA. Thus this appeal
requires us to decide whether lawsuits dismissed as
frivolous before the enactment of the PLRA can be counted
toward the Act's "three strikes" provisions. 1

In Landgraf v. USI Film Products, 511 U.S. 244, 280

_____

1. The district court had subject matter jurisdiction over Keener's S 1983
action pursuant to 28 U.S.C. S 1331. We have appellate jurisdiction
pursuant to 28 U.S.C. S 1291.

(1994), the Supreme Court directed courts to determine the
retroactive application of a new statute which does not
expressly prescribe its reach by ascertaining whether its
application to pending cases would "impair rights a party
possessed when he acted, increase a party's liability for
past conduct, or impose new duties with respect to
transactions already completed."

Three courts of appeals have already applied those
criteria to this provision of the PLRA and ruled that
lawsuits dismissed as frivolous prior to the enactment of
the PLRA count as "strikes" under S1915(g). See Adepegba
v. Hammons, 103 F.3d 383 (5th Cir. 1996); Abdul-Wadood
v. Nathan, 91 F.3d 1023 (7th Cir. 1996); Green v.
Nottingham, 90 F.3d 415 (10th Cir. 1996). We see no basis
to differ with that result.

We thus now join those circuits in holding that
dismissals for frivolousness prior to the passage of the
PLRA are included among the three that establish the
threshold for requiring a prisoner to pay the full docket fees

unless the prisoner can show s/he is "under imminent
danger of serious physical injury." The district court noted
that nothing in Keener's complaint, in which he appeared
to be alleging that he has been hindered in obtaining
release on parole after completion of his minimum
sentence, suggests that Keener is in any imminent danger
of serious physical injury.2

We will therefore deny Keener's motion to proceed in
forma pauperis, and dismiss the appeal without prejudice
to Keener's right to reinstitute his action in the district
court upon payment of full docketing fees.

_____

2. We have no occasion to consider the statutory provision that counts
among the dismissals that are disqualifying those that were dismissed
for failure to state a claim upon which relief may be granted, as
distinguished from frivolousness. Cf. Mitchell v. Farcass, 112 F.3d 1483,
1491-92 (11th Cir. 1997)(Lay, J. concurring)(discussing constitutional
significance of difference between dismissals for frivolousness and
failure
to state a claim in context of 28 U.S.C. S 1915(e)(2)(B), the PLRA
provision mandating sua sponte dismissal of in forma pauperis actions
that are frivolous or fail to state a claim).

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit