129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernest Frank CLARK, Plaintiff-Appellant,
v.
Phillip CAVES, Bernie Szews, Brian Getschmann, Greg Kastner,
and Dr. James Reed, Defendants-Appellees.
 No. 96-3876.
 United States Court of Appeals, Seventh Circuit.
 Submitted September 25, 1997.*
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 96-C-0223-C; Barbara B. Crabb, Judge.
 Before COFFEY, EASTRBROOK, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se litigant Ernest Frank Clark brought a Bivens action against employees of the Federal Correctional Institution in Oxford, Wisconsin, alleging that they had violated his Eighth Amendment right to be free from cruel and unusual punishment. See 28 U.S.C. § 1331 (1994); Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). After reviewing a supplemental statement of facts submitted by Clark, the district court denied him leave to proceed in forma pauperis against defendant Brian Getschmann. The remaining defendants moved for summary judgment, asserting that their conduct did not rise to the level of a constitutional deprivation. The court agreed and granted their motion. On appeal, Clark challenges the grant of summary judgment as well as the district court's denial of his request to proceed in forma pauperis against Getschmann. We affirm.
 
 
 2
 From March 1993 until July 1995, Clark was confined at FCI Oxford, where his medical records for the period indicate some history of asthma. On May 15, 1995, he complained of "shortness of breath" to Food Services foreman Greg Kastner. Clark asserted that Kastner, himself asthmatic, was openly skeptical; when Clark approached a lieutenant to contact Health Services, Kastner expressed his opinion that Clark was simply trying to "dodge work as usual." Clark was subsequently examined by Physician's Assistant John Lewicki, who placed Clark on light duty status. Lewicki filled out a report ("Duty Status Report") granting Clark "medical release X30 days from mopping and washing tables in food service and no other strenuous work. May 15 to June 15." The Duty Status Report did not indicate the basis for the order.
 
 
 3
 Four days later, on May 19, a "verbal altercation" over Clark's light duty status broke out between Clark and Assistant Food Services Administrator Bernie Szews. Szews reported the incident to Phillip Caves, the Food Services Administrator. While Caves conferred with Dr. James Reed, the Health Services Administrator, regarding the basis for the order, Brian Getschmann, another Food Services foreman, ordered Clark back to work. Clark worked for approximately one hour before complaining of the onset of an asthma attack. Clark approached Getschmann, requesting that Health Services be contacted; Szews, who was standing nearby, informed Clark that "the call had already been made." Getschmann informed Clark shortly thereafter that Dr. Reed had canceled the light duty restriction. Clark then went to Health Services to speak with Dr. Reed himself, but Dr. Reed did not meet with Clark. Upon his return to Food Services, Clark was ordered by Getschmann to return to work. Clark refused. He attributes a subsequent series of maladies to the one-hour work period of May 19.
 
 
 4
 The treatment a prisoner receives while incarcerated, including his medical treatment, is subject to scrutiny under the Eighth Amendment, see Estelle v. Gamble, 429 U.S. 97, 103-06 (1976), but the Amendment was not intended to be a "vehicle for bringing claims for medical malpractice," Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir.1996). To sustain an Eighth Amendment claim, a prisoner must show that the deprivation he suffered was "objectively, sufficiently serious," a denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 510 U.S. 825, 834 (1994). In addition, the prison official must act or refuse to act with "deliberate indifference to inmate health or safety," id. at 835-36; that is, he must "know[ ] of and disregard[ ] an excessive risk to inmate health," id. at 837. The test for deliberate indifference is subjective: the official must be aware of the facts that permit the inference of a "substantial risk of serious harm"; and the official must draw the inference. Id.
 
 
 5
 Clark has failed to demonstrate genuine issues of triable fact with respect to any of the defendants. See Vance v. Peters, 97 F.3d 987, 991 (7th Cir.1996). Clark does not point to anything in the record to suggest that Dr. Reed was involved in the events giving rise to Clark's ailments other than the decision to rescind the light duty order, a decision he made after reviewing Clark's medical records. Though Dr. Reed's medical evaluation may not have been to Clark's liking, Reed's evaluation is an exercise of medical judgment. See Steele v. Choi, 82 F.3d 175, 178-79 (7th Cir.1996).
 
 
 6
 There is no evidence that Bernie Szews was deliberately indifferent to Clark's health or safety. See Farmer, 511 U.S. at 835-36. The record indicates only that Szews challenged the basis of Clark's light duty status and reported the ensuing altercation to Caves.
 
 
 7
 Clark's claim against Greg Kastner, arising from the incident of May 15, fails for similar reasons. Clark attests to a single uncorroborated conversation with Kastner at an unspecified time regarding Clark's asthma. There is no other suggestion that Kastner was aware that Clark's "shortness of breath" might represent a substantial risk of serious harm. See id., at 836-38, 842. While Kastner's conduct may have been insensitive, negligent, or even a breach of prison procedure, it is not enough to sustain a constitutional claim. See Langston v. Peters, 100 F.3d 1235, 1238, 1240-41 (7th Cir.1996).
 
 
 8
 Clark alleges that Phillip Caves convinced Dr. Reed to rescind Clark's light duty status both because Caves believed Clark was malingering and in retaliation for Clark's earlier altercation with Szews. Caves acknowledges having examined Clark's Duty Status Report. The record indicates, however, that Caves acted appropriately by discussing the Duty Status Report with a medical officer, Dr. Reed. There is no evidence that Caves had any knowledge of Clark's respiratory history prior to May 19, nor does the record suggest that Caves acted "despite his knowledge of a substantial risk of serious harm" to Clark. Farmer, 511 U.S. at 842; see also Lewis v. Richards, 107 F.3d 549, 553-54 (7th Cir.1997).
 
 
 9
 Because Clark failed to set forth evidence that any of the defendants acted with deliberate indifference to Clark's condition, the district court properly granted the defendants' motion for summary judgment.
 
 
 10
 The second argument Clark raises on appeal concerns the district court's denial of his request for leave to proceed in forma pauperis against Food Services foreman Brian Getschmann.[1] See 28 U.S.C. § 1915 (1994). Section 1915 permits a prisoner who satisfies certain statutory prerequisites to bring an action in forma pauperis, but the district court may deny the litigant leave to proceed under the statute if the court determines that the claim is frivolous. See 28 U.S.C. § 1915(d); Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 787-88 (7th Cir.1995).
 
 
 11
 The district court denied Clark leave to proceed in forma pauperis against Getschmann, explaining, "In his original complaint and supplemental statement, petitioner failed to allege facts indicating respondent Getschman's [sic] personal involvement in the alleged deprivation of petitioner's rights. Consequently, petitioner will not be allowed to proceed in forma pauperis against respondent Getschman."
 
 
 12
 Clark does not allege in his original complaint or his Supplemental Statement that Getschmann had prior knowledge of Clark's medical condition, that he was involved in the decision to rescind Clark's light duty status, that he was involved in Clark's earlier altercation with Szews, or that Getschmann otherwise knew that his work order during Caves' investigation of the Duty Status Report created a substantial risk of serious harm. Moreover, on appeal, Clark argues that Caves "instructed" Getschmann to order Clark back to work, thus undercutting a determination that Getschmann acted with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; see also Billman, 56 F.3d at 788. The back-to-work order may suggest poor judgment, negligence, or a breach of prison procedure, but Clark's allegations do not reflect that Getschmann issued the order with deliberate indifference to Clark's condition. Because the district court clearly explained the basis of its denial for Clark to proceed in forma gpauperis against Brian Getschmann, Clark's contention that "[t]here is no mention of a deficiency concerning the allegations against Defendant-Appellee Getschman [sic]," (App. Br. at 26), is meritless. The claim against Getschmann was properly dismissed.
 
 
 13
 This appeal was frivolously filed. See 28 U.S.C. § 1915(g). Consequently, Clark will receive a "strike" for pursuing this action following the district court's grant of summary judgment. See Newlin v. Helman, Nos. 96-4229, 97-1627 and 97-2145, 1997 WL 409403, at * 3 (7th Cir. July 3, 1997). Clark is here reminded that if he accumulates two additional strikes, he will be obliged to pay the full filing fee if he wishes to bring new actions or file new appeals. See Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir.1996).
 
 
 14
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Judge Crabb denied Clark's request to proceed in forma pauperis under 28 U.S.C. § 1915(d). That section was redesignated section 1915(e) under the Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321 (1996), which became effective on April 26, 1996, eight days after Judge Crabb's ruling in this case