No. 02–0243.

United States Court of Appeals, Second Circuit.

March 25, 2004.

**Roderick REYES Plaintiff–Appellant,**

v.

**Ellen GARDENER, Correctional Medical Services Company, Minda Hubbard, Nurse Practitioner, Regional Medical Unit at Coxsackie Correctional Facility, Cindy Loucks, Administrator Director, Regional Medical Unit, Coxsackie Correctional Facility, Dorthy Hollick, Register Nurse, Regional Medical Unit, R. Gordon, Register Nurse, Regional Medical Unit, Simone Ranaldi, Nurse Practitioner in the Re-**

**284**

Roderick Reyes, on Submission for Appellant, pro se.

Montgomery L. Effinger, O'Connor, McGuinness, Conte, Doyle & Oleson, White Plains, New York, on Submission for Appellees.

Present: McLAUGHLIN, Honorable REENA RAGGI, Circuit Judges, and Honorable DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Roderick Reyes, an inmate at Coxsackie Correctional Facility during the time relevant to this appeal, appeals from an award of summary judgment in favor of defendants-appellees, which dismissed Reyes's claim, brought under 42 U.S.C. § 1983, for violation of his Eighth Amendment right to be free from cruel and unusual punishment. *See* U.S. Const., amend VIII. Specifically, Reyes complains that defendants were deliberately indifferent to his need for stronger medication than was prescribed to treat two painful sickle cell crises on May 6, 1999, and August 17, 1999. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). We assume familiarity with the record before the district court.

Summary judgment is appropriate only if the evidence offered, when viewed in the light most favorable to the non-moving party, demonstrates no genuine material issue of fact such that the moving party is entitled to judgment as a matter of law.

*See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Grain Traders, Inc. v. Citibank. N.A.,* 160 F.3d 97, 100 (2d Cir.1998). While the party seeking judgment bears the burden of demonstrating that no issue of fact exists, *see McLee v. Chrysler Corp.,* 109 F.3d 130, 134 (2d Cir. 1997), it may discharge this burden by demonstrating a lack of record evidence to support the non-movant's case on an issue on which the latter party has the burden of proof, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

To prevail on a constitutional claim of deliberate indifference to the need for medical treatment, a plaintiff must show that he suffered from an objectively serious medical condition to which defendants responded in a deliberately indifferent manner. *See Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998) (and cases cited therein). There is no dispute that Reyes suffers from a serious medical condition, but he has failed to adduce evidence to support a reasonable jury finding that defendants disregarded his serious medical needs.

In fact, the record shows that defendants did not disregard Reyes's sickle cell affliction or the pain it caused. Rather, they established a pain management plan that provided for Reyes to receive Tylenol or Motrin on demand, with stronger medication—first Tylenol with codeine or 800 mg. Motrin and then Demerol or Morphine—administered if necessary. The plan further provided for Reyes to receive oxygen and intravenous liquids to minimize distress. This treatment plan was followed

---

* Honorable David G. Trager, U S District Judge for the eastern district of New York, sitting by designation.

on May 6, 1999, and August 17, 1999, with Reyes ultimately receiving Demerol.

In short, this is not a case where defendants refused to treat Reyes's condition, failed to provide prescribed treatment, or placed unreasonable conditions on the receipt of treatment. *See Harrison v. Barkley,* 219 F.3d 132, 138 (2d Cir.2000). This is a case in which Reyes, who generally declined the medications offered at the initial stage of the plan, takes exception to defendants' decision to prescribe medication conservatively rather than order Demerol when he first reported pain. Reyes has offered no evidence, however, showing that the prescribed medication regimen deviated from reasonable medical practice for the treatment of his condition, much less has he shown, as would be necessary to prove an Eighth Amendment claim, that defendants were not merely negligent, but aware that their prescribed treatment plan was medically inadequate. *See Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994) ("Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm."); *see also Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1024 (7th Cir.1996) (rejecting deliberate indifference claim based on medical treatment for sickle cell crisis similar to that prescribed in this case). In his appellate brief, Reyes does claim that he had been told by a hematologist not to take Tylenol or Motrin because of the condition of his liver, but Reyes did not raise this argument in the district court, nor does he support the assertion with any evidence, specifically, not with any evidence indicating that defendants were aware of any such restriction when they devised his treatment plan.

In sum, the record presents us with a "mere disagreement over the proper treatment," which "does not create a constitutional claim." *Chance v. Armstrong,* 143

F.3d at 703. Accordingly, the judgment of the district court is hereby AFFIRMED.