**Craig J. CLARK, Plaintiff–Appellant,**

v.

**Evelyn MILLER, Lynda K. Zaunbrecher, United States of America, and V. Elias, Defendants–Appellees.**

No. 04–1050.

United States Court of Appeals, Second Circuit.

Dec. 17, 2004.

Craig J. Clark, Minersville, PA, for Appellant, pro se.

Charles E. Roberts, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York (Elizabeth S. Riker, Deputy Appellate Chief), Syracuse, NY., for Respondent, of counsel.

Present: FEINBERG, STRAUB, and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment is AFFIRMED.

On September 23, 2003, plaintiff filed, in the District Court for the Northern District of New York, a complaint bringing claims under the Federal Tort Claims Act

544

(the "FTCA"), 28 U.S.C. § 2761, and under 42 U.S.C. § 1983. By a Memorandum Opinion dated December 3, 2003, the District Court granted summary judgment in favor of defendants as to each of plaintiff's causes of action. Plaintiff now appeals that decision.

The District Court correctly dismissed plaintiff's Federal Tort Claims Act ("FTCA") claims based on plaintiff's failure to properly exhaust all administrative remedies available to him. While plaintiff did seek, from all relevant offices in the Bureau of Prisons, redress in the form of directed action, he did not raise a claim for damages with the Regional Office of the Bureau of Prisons. The District Court was correct in identifying this as a step necessary for plaintiff to take in order to exhaust all administrative remedies available to him. As plaintiff failed to make a claim for damages to the proper administrative offices in the Bureau of Prisons, the District Court was correct to grant summary judgment in favor of defendants on plaintiff's FTCA claims.

The District Court was also right to dismiss plaintiff's § 1983 claims. We do not agree entirely with the District Court in its strict application of local civil practice rules in determining whether, in this case, plaintiff properly contested representations made in defendants' "Statement of Material Facts Not in Dispute." On review of plaintiff's "Statement of Disputed Facts," it is clear that plaintiff provided the District Court and defendants with sufficiently specific guidance as to which of defendants' claims of fact plaintiff disputed. Nevertheless, the District Court was correct in its assessment of the merits underlying plaintiff's claims. Even granting the proper presumptions in plaintiff's favor, we agree that plaintiff's deliberate indifference claims fail as a matter of law. See Estelle v. Gamble, 429 U.S. 97, 107–08, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (rejecting deliberate indifference claim where plaintiff challenged treatment decisions rather than failure to provide treatment); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir.1998) (holding that "mere disagreement over the proper treatment does not create a constitutional claim"); see also Abdul–Wadood v. Nathan, 91 F.3d 1023, 1024 (7th Cir.1996) (holding that "disagreement with the selection of medicine and therapy falls well short of demonstrating deliberate indifferent to a serious medical need").

We have reviewed all of plaintiff's remaining arguments on appeal and find each of them to be without merit. For the foregoing reasons, the decision of the District Court granting summary judgment in favor of defendants is **AFFIRMED**.